United States Bankruptcy Court
Southern District of Texas
**ENTERED**
March 11, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATED BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| IN RE: § | |
| § | CASE NO: 19-31642 |
| MARIA ANGELES § | |
| ARCHEVALD, § | |
| § | |
| Debtor. § | |
| § | CHAPTER 13 |

## ORDER ON MOTION UNDER RULE 3002.1(F)(1) TO DETERMINE STATUS ON THE MORTGAGE CLAIM (RELATES TO ECF NO. 137)

The Debtor is requesting that pursuant to FED. R. BANKR. P. 3002.1(f)(1) (hereinafter "Rule 3002.1") the Court determine whether certain charges sought by the secured creditor[1] in the amount of $9,910.04 for forced placed insurance incurred from 2019 to 2025 are proper.

### FACTUAL BACKGROUND

The facts in this case are not disputed.

The Debtor's Third Amended Chapter 13 Plan ("Plan")[2] was confirmed on June 9, 2019.[3] Paragraph 8(A) of the Plan treated a secured claim on the property located at 977 Leadenhall Circle, Channelview, Texas (the "Property") as a "total debt claim" in the amount of $44,353.17 with interest at 4.00% for the term of the Plan. The claim was not being paid pursuant to the pre-petition contract

---

[1] "Deutsche Bank National Trust Company, as Trustee for Morgan Stanley Dean Witter Capital I Inc. Trust 2003-NC2, Mortgage Pass-Through Certificates, Series 2003-NC2, its successors and assigns" (hereinafter the "Lender").
[2] ECF No. 42.
[3] ECF No. 47.

because the loan would have matured before the end of the Plan term. The Property is the Debtor's principal residence.

On May 24, 2021, the Court confirmed[4] an Amended Uniform Modification ("Modification").[5] Paragraph 8(A) had a total debt claim for the claim secured by the Property in the amount of $31,634.45 with interest at 4.00% for the new extended term of the Modification. The Modification was dated as of May 11, 2021.

The Lender forced placed insurance in 2019, 2020, 2021, 2022, 2023, 2024 and 2025. The docket in this case does not reflect that any request for fees or charges under Rule 3002.1(c) related to the forced placed was filed in the case by the Lender.

The Court conducted a hearing on this matter on January 22, 2026.

## JURISDICTION

28 U.S.C. § 1334(a) provides the District Courts with jurisdiction over this proceeding. 28 U.S.C. § 157(b)(1) states that "Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) of this section, and may enter appropriate orders and judgments, subject to review under section 158 of this title." This proceeding has been referred to this Court under General Order 2012-6 (May 24, 2012). This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B) and (O). Venue is proper under 28 U.S.C. §§ 1408 and 1409.

## DISCUSSION

The issue in this case is whether the Lender had an obligation to file and serve a request for the fees and charges within 180 days of the time they were incurred as required by Rule 3002.1(c).

---

[4] ECF No. 71.
[5] ECF No. 68.

> The Lender argued in its opposition and at the hearing:
>
> Creditor's claim is not being paid per the terms of its pre-petition contract. The claim, which matured in 2023, is being paid over the life of the plan in full with interest at 4%.
>
> From the date that this case was filed on March 27, 2019 until December 1, 2025, Bankruptcy Rule 3002.1 did **not** apply to Creditor's claim. Until December 1, 2025, Bankruptcy Rule 3002.1(a) stated:
>
>> (a) **In General**. This rule applies in a Chapter 13 case to a claim that is secured by a security interest in the debtor's principal residence and **for which the plan provides** for the trustee or debtor **to make contractual installment payments**. Unless the court orders otherwise, the notice requirements of this rule cease when an order terminating or annulling the automatic stay related to that residence becomes effective.
>
> Effective December 1, 2025, Bankruptcy Rule 3002.1(a) was amended to state:
>
>> (a) **In General**. This rule applies in a Chapter 13 case to a claim that is secured by a security interest in the debtor's principal residence and **for which the plan** provides for the trustee or debtor **to make payment on the debt**. Unless the court orders otherwise, the requirements of this rule cease when an order terminating or annulling the automatic stay related to that residence becomes effective.

(Emphasis in original).

While all of this is correct, since at least 2005 the Local Bankruptcy Rules ("Local Rules") have had procedures for Chapter 13 trustees to handle the administration of home mortgage payments.[6] Local Rule 3015-1(b) states, "**Mortgage Payments Through the Chapter 13 Trustee**. Home mortgage payments will be made through the chapter 13 trustee, in accordance with the Administrative Procedures for Claims Secured by Real Estate. The current procedures may be found on the Court's website."

The first paragraph of the Mortgage Procedures states, "These Procedures apply to all claims secured by real property treated under a chapter 13 plan." Paragraph 7 provides in part, "FED. R. BANKR. P. 3002.1(b), (c), (d), (e), (f), (g), (h) and (i) apply to all claims secured by real property owned by the Debtor(s) or the bankruptcy estate."

Prior to December 2025, the Mortgage Procedures were not limited to "contractual installment payments" under the mortgage but also applied Rule 3002.1 to any claim secured by a security interest in the debtor's principal residence including total debt payments under the plan.

Rule 3002.1(c) requires that party seeking fees, expenses or charges file and serve a notice of those fees, expenses or charges within 180 days of the time they were incurred. Rule 3002.1(h) states:

> If the claim holder fails to provide any information as required by this rule, the court may, after notice and a hearing, do one or more of the following:
>
>   (1) preclude the holder from presenting the omitted information in any form as evidence in a contested matter or adversary proceeding in the case—unless the

---

[6] See, Chapter 13 Trustee Procedures for Administration of Claims Secured by Real Property (Last Amended Effective June 22, 2022) (hereinafter the "Mortgage Procedures"). These were effective prior to the December 2025 amendments. https://www.txs.uscourts.gov/sites/txs/files/Home_Mortgage_procedures_-_6-27.pdf

   court determines that the failure was substantially justified or is harmless[.]

Here the failure to file the notices requesting payment is not harmless because the fees and charges allegedly owed are double the total amount owed on the underlying debt.

  Additionally, it should not go without saying that any fees or charges incurred prior to the Modification would likely be subsumed in the new total debt amount under the Modification and would be discharged by making the plan payments.

## CONCLUSION

  The Court will exclude any evidence of the fees and charges for the forced placed insurance.

  The Debtor shall submit an order reflecting the Court's ruling within 14 days.

SIGNED 03/10/2026

_____
Alfredo R Pérez
United States Bankruptcy Judge